FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 09 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00916-BNB

VANESSA CUEVAS,

    Plaintiff,

v.

OFFICER NEWTON, Correctional Officer, D.W.C.F.,
CAPT. KATHLEEN ARNOLD, #7226, D.W.C.F.,
MAJ. JEFF KLEINHOLZ, Programs Major, D.W.C.F.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Vanessa Cuevas, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Cuevas has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that her rights under the United States Constitution have been violated. She seeks damages as relief.

Ms. Cuevas has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Ms. Cuevas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Ms. Cuevas asserts one claim for relief in the Prisoner Complaint labeled "Excessive Use of Force." Ms. Cuevas asserts in support of her claim that she was subjected to excessive force on July 2, 2010, when Defendant Officer Newton placed handcuffs on her wrists in order to escort her "to medical for a body sheet due to allegations that the Plaintiff was holding hands with another offender." (Doc. #1 at 4.) Ms. Cuevas contends that the handcuffs were too tight and that when she informed Officer Newton of that fact she was told to be quiet and stay still. Ms. Cuevas further contends that after she again complained about the handcuffs Officer Newton "took hold of the Plaintiff in complete disregard to Plaintiff[']s complaint and grabbed Plaintiff and proceeded to escort Plaintiff to the rear of the gym waiting for her supervisor to arrive for further instructions." (Doc. #1 at 4.) Plaintiff alleges that when she complained for a third time that the handcuffs were too tight Officer Newton loosened the handcuffs. According to Plaintiff's initial administrative grievance, a copy of which is attached to the Prisoner Complaint (*see id.* at 8), Officer Newton initially placed the handcuffs on her at

2

approximately 8:20 p.m. Ms. Cuevas alleges in the Prisoner Complaint that the handcuffs ultimately were loosened and she was escorted to medical at approximately 8:30 p.m. (*See id.* at 4.)

Ms. Cuevas asserts that red marks were observed on her wrists and documented at 8:30 p.m. when she was taken to medical. (*See id.* #1 at 4, 14.) She further asserts that she complained of increased swelling and bruising at approximately 11:00 p.m., and a second examination was conducted to document the changes. (*See id.* at 4, 15.) Finally, Ms. Cuevas contends that her "wrists [were] exceeding[ly] swollen and bruised" the following day, and that the swelling and bruising again were documented at approximately 9:20 p.m. on July 3, 2010. (*See id.* at 4, 16.)

On the basis of these allegations, Ms. Cuevas maintains that her Eighth Amendment rights were violated. In addition to naming Officer Newton as a Defendant, Ms. Cuevas is suing Captain Kathleen Arnold and Major Jeff Kleinholz. Ms. Cuevas alleges that Captain Arnold denied her step 1 grievance and that Major Kleinholz denied her step 2 grievance. Ms. Cuevas is suing all three defendants in both their individual and official capacities.

Ms. Cuevas' claims against the Defendants in their official capacities are legally frivolous. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." **Monell v. Department of Social Services**, 436 U.S. 658, 690 n.55 (1978). Ms. Cuevas alleges that each of the named Defendants is a DOC prison official. Therefore, her claims against Defendants in their official capacities actually are claims against the DOC.

The DOC, which is an agency of the State of Colorado, *see* Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the official capacity claims will be dismissed as legally frivolous.

Ms. Cuevas's claims against Defendants Arnold and Kleinholz in their individual capacities also are legally frivolous. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Cuevas must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

As noted above, Ms. Cuevas alleges with respect to these Defendants only that Captain Arnold denied her step 1 grievance and that Major Kleinholz denied her step 2

grievance. However, the fact that Defendants Arnold and Kleinholz denied Ms. Cuevas' administrative grievances challenging the alleged use of excessive force does not demonstrate personal participation in the alleged use of excessive force that gave rise to the grievances. **See Gallagher v. Shelton**, 587 F.3d 1063, 1069 (10th Cir. 2009). Therefore, Ms. Cuevas' claims against Defendants Arnold and Kleinholz in their individual capacities also will be dismissed.

Finally, the Court finds that Ms. Cuevas' Eighth Amendment claim against Officer Newton in her individual capacity also is legally frivolous. "Ordinarily, an excessive force claim involves two prongs: (1) an objective prong that asks 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation,' and (2) a subjective prong under which the plaintiff must show that 'the officials act[ed] with a sufficiently culpable state of mind." **Giron v. Corr. Corp. of America**, 191 F.3d 1281, 1289 (10th Cir. 1999) (quoting **Hudson v. McMillian**, 503 U.S. 1, 8 (1992) (some internal quotation marks omitted) (alteration in original)). "The objective component of an excessive force claim is 'contextual and responsive to contemporary standards of decency.'" **Smith v. Cochran**, 339 F.3d 1205, 1212 (10th Cir. 2003) (quoting **Hudson**, 503 U.S. at 8)). "The subjective element of an excessive force claim 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" **Giron**, 191 F.3d at 1289 (quoting **Whitley v. Albers**, 475 U.S. 312, 320-21 (1986)).

"When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated" and "[t]his is true whether or

not significant injury is evident." *Hudson*, 503 U.S. at 9; *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (per curiam). However, "[t]hat is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley*, 475 U.S. at 327 (internal quotation marks omitted)).

Ms. Cuevas' allegations in the instant action fall short of demonstrating an Eighth Amendment excessive force claim. As noted above, Ms. Cuevas alleges that she was placed in handcuffs in order to be escorted to medical for an examination following allegations that she had been holding hands with another offender. Although she alleges that the handcuffs were too tight for approximately ten minutes, the handcuffs were loosened after her third complaint to Officer Newton, the individual who placed her in handcuffs in the first place. The Court finds that these allegations do not demonstrate a malicious and sadistic use of force meant to cause harm.

Furthermore, the swelling and bruising allegedly caused by the tight handcuffs demonstrates that Ms. Cuevas was subjected to, at most, a *de minimis* use of physical force. *See Wilkins*, 130 S. Ct. at 1178 ("[t]he extent of injury may also provide some indication of the amount of force used"); *see also Marshall v. Milyard*, No. 10-1104, 2011 WL 285563 at *3 (10th Cir. Jan. 31, 2011) (finding allegations of excessive force causing redness and bruising not sufficient to state an Eighth Amendment claim). Therefore, because the facts alleged by Ms. Cuevas will not support an arguable claim

of excessive force under the Eighth Amendment, the excessive force claim against Officer Newton in her individual capacity also will be dismissed as legally frivolous. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

DATED at Denver, Colorado, this  9th  day of     May         , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00916-BNB

Vanessa Cuevas
Prisoner No. 92170
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 9, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk